UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-22039-CIV-SINGHAL

HONG KONG LEYUZHEN TECHNOLOGY CO. LIMITED,
    Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES,
PARTNERSHIPS,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on a *sua sponte* review of the record. On May 2, 2025, Plaintiff filed a Complaint (DE [1]) in the above-styled action alleging the following:

> Defendants are individuals and business entities who, reside mainly in China or Hong Kong. Defendants conduct business throughout the United States, including within the State of Florida and in this judicial district, through the operation of Defendants' Online Amazon Stores identified in Schedule "A", and have offered to sell and, on information and belief, have sold and continues to sell counterfeit and/or knock-off Rotita Brand products, originally released by Rotita in its product line, to consumers within the United States, including in the State of Florida and in this judicial district, by displaying, without authorization, the Copyright Protected Images on their Online Amazon Stores.

(Compl. (DE [1]) ¶ 19).

Rule 20 of the Federal Rules of Civil Procedure provides in relevant part that, "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ.

P. 20(a)(2) (emphasis added). Moreover, Rule 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "Joinder is 'strongly encouraged' and the rules are construed generously 'toward entertaining the broadest possible scope of action consistent with fairness to the parties.'" *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 839 (11th Cir. 2017) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)). "However, district courts have 'broad discretion to join parties or not and that decision will not be overturned as long as it falls within the district court's range of choices.'" *Id.* (quoting *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002) (per curiam)).

As the U.S. Court of Appeals for the District of Columbia Circuit has observed, "[s]imply committing the same type of violation in the same way does not link defendants together for the purposes of joinder." *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 998 (D.C. Cir. 2014) (quoting *Hard Drive Productions, Inc. v. Does 1-30*, 2011 WL 4915551, at *3 (E.D. Va. 2011) (alterations in original)). Further, conclusory allegations of connectivity do not establish a sufficient connection between Defendants to permit joinder. *See id.* (citing *Ilustrata Servicos Design, Ltda. v. P'ships & Unincorporated Ass'ns*, 2021 WL 5396690, at *2 (N.D. Ill. Nov. 18, 2021)).

On those grounds, in our District the Honorable K. Michael Moore has held that a plaintiff who alleged "Defendants are 'concurrently employing and benefitting from substantially similar advertising and marketing strategies based, in large measure, upon an illegal use of counterfeits and infringements of one or more of Plaintiffs' Marks,'" did not satisfy Rule 20's requirements. *Omega, SA v. Individuals, Bus. Entities, & Unincorporated Associations Identified on Schedule "A"*, 2023 WL 2248233, at *2 (S.D. Fla. Jan. 14, 2023).

Here, the Complaint does not adequately establish that joinder of all the Defendants is proper.  Plaintiff fails to allege sufficiently how Defendants' alleged infringements are properly understood as the same infringement of Plaintiff's intellectual property rights, nor does Plaintiff sufficiently allege how ordering joint and several relief against Defendants is proper here.  The Court is unconvinced that joinder is proper under Rule 20.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff shall file a response to this Order no later than **May 27, 2025**, setting forth why joinder of Defendants is proper under Rule 20.  Plaintiff's response should further explain how Defendants' alleged infringements are related to one another, and why these copyright infringements should be considered the same (rather than similar) infringements for Rule 20 purposes.  Plaintiff should also provide authority to guide the Court's review.  If the technical requirements of joinder under Rule 20 are met in this action, Plaintiff shall also set forth whether joinder of Defendants promotes judicial economy.  *See Omega, SA*, 2023 WL 2248233, at *3 (finding judicial economy undermined where court must still evaluate evidence submitted against each Defendant in support of liability and damages and exercising discretion not to join defendants under Rule 20).

2. Plaintiff shall further show cause why the Court should not drop parties pursuant to Rule 21 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 6th day of May 2025.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF